**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIAS OBIDI UDECHIME, | No. 20-15482 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05896-SRB-MHB |
| v. | |
| MICHAEL FAUST, Director of Dept of Child Safety; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Elias Obidi Udechime appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims related to the

termination of his parental rights. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo. *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

922 (9th Cir. 2017) (dismissal under 28 U.S.C. § 1915A); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Udechime's claims, other than his claims raising a facial challenge to the Arizona statutes governing parental rights termination, for lack of subject matter jurisdiction, because these claims constitute a forbidden "de facto appeal" of a prior state court judgment or are "inextricably intertwined" with that judgment. *Noel*, 341 F.3d at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void.").

Dismissal of Udechime's facial challenge to the Arizona statutes governing parental rights termination was proper because Udechime failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true (citation and internal quotation marks omitted)); *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir.

1998) (to succeed on a facial challenge, a challenger must show that a law is "unconstitutional in every conceivable application, or . . . seeks to prohibit such a broad range of protected conduct that it is unconstitutionally overbroad." (citation and internal quotation marks omitted)); *Matter of Appeal in Maricopa Cnty. Juv. Action No. JS-5209 & No. JS-4963*, 692 P.2d 1027, 1032 (Ariz. Ct. App. 1984) ("Simply because a term is not defined does not render the statute unconstitutional.").

The district court did not abuse its discretion by dismissing Udechime's complaint without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**